## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTOPHER M. ROBINETTE,<br>Appellant, | DOCKET NUMBER<br>AT-0752-16-0633-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE: May 11, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher M. Robinette</u>, Ariton, Alabama, pro se.

<u>Eric J. Teegarden</u>, Esquire, Fort McCoy, Wisconsin, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address a separate charge of absence without leave (AWOL), we AFFIRM the initial decision.

## BACKGROUND

¶2    The agency issued the appellant a Notice of Leave Restriction on February 17, 2015, which informed him that his chronic, unscheduled absences were considered excessive and negatively affected the agency's ability to accomplish its mission. Initial Appeal File (IAF), Tab 4 at 32-34. On May 18, 2016, the agency issued a Notice of Proposed Removal (NOPR) for excessive absenteeism, which specified that from February 21, 2015, through April 16, 2016, he was absent 939.30 hours out of a total of 2103.70 available duty hours and that, of the 31 pay periods during that time, he worked only 3 full pay periods. *Id*. at 26-27. The agency notified the appellant in a letter dated June 22, 2016, that his removal was effective June 24, 2016. *Id.* at 16-17.

¶3    The appellant filed an appeal with the Board's Atlanta regional office, in which he challenged his removal and argued that he was out of work due to medical issues. He acknowledged that he was placed on leave restrictions, and he asserted that he complied with the restrictions when he was capable of doing so. IAF, Tab 1.

¶4        In an initial decision, the administrative judge found that the agency's action was predicated upon approved leave, including annual leave, sick leave, and leave without pay.  IAF, Tab 7, Initial Decision (ID) at 4.[2]  He observed that an agency, generally, cannot take an adverse action for approved absences.  *Id*.  However, an exception exists for instances of excessive absences if, as pertinent here, the agency provided the employee with notice that his failure to become available to work could lead to an adverse action.  *Id*. (citing *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984)).  The administrative judge found that the February 2015 leave restriction letter was insufficient notification to the appellant that his approved absences could lead to removal.  ID at 4-5.  Thus, the administrative judge found that the agency failed to present preponderant evidence that the circumstances in this case justify an exception to the rule that bars an agency from disciplining an appellant for approved leave during the relevant period, and therefore, the administrative judge reversed the removal action.  ID at 5-6.

¶5        The agency has filed a petition for review challenging the administrative judge's decision.  Petition for Review (PFR) File, Tab 1.  The appellant has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        As a general rule, an agency's approval of leave precludes it from taking an adverse action on the basis of those absences.  *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 30 (2015), *clarified by Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016).  However, as the administrative judge correctly found, an agency may take an adverse action based on excessive use of leave if it can prove that:  (1) the employee was absent for compelling reasons beyond his control so that the agency's approval or disapproval of leave

[2] The appellant did not request a hearing, and thus, the administrative judge based his decision on the written record.  ID at 1; IAF, Tab 1.

was immaterial because the employee could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless the employee became available for duty on a regular, full‑time, or part-time basis; and (3) the position needed to be filled by an employee available for duty on a regular, full-time, or part-time basis. *Combs v. Social Security Administration*, 91 M.S.P.R. 148, ¶¶ 12-13 (2002); *Cook*, 18 M.S.P.R. at 611-12.

¶7  On review, the agency argues that it warned the appellant that he could be disciplined for excessive absences when it suspended him in November 2014 and April 2015 and that the administrative judge erred in finding otherwise.  PFR File, Tab 1.  The agency asserts that the record evidence shows that the appellant was issued a 3-day suspension on November 3, 2014, and a 14‑day suspension on April 20, 2015, for failure to follow proper leave procedures and that the suspension notices "clearly state[], '[y]ou are cautioned [that] any repetition of this or similar offenses may result in more severe disciplinary action against you.'"  *Id.* at 8.  The agency argues further that the "Administrative Judge incorrectly creates a world in which the Appellant's 2 letters of leave restriction and 2 suspensions for failing to follow leave procedures and AWOL do not constitute notice that the continued absences would result in additional discipline."  *Id.* at 9.  In support of this argument, the agency submits the Notice of Decision letters for each of the suspensions with its petition for review.  *Id*. at 12-16.

¶8  However, there is only one leave restriction letter in the record.  IAF, Tab 4 at 32-34.  Further, while the record below includes the Standard Form 50s documenting each of the two suspensions, it does not include either of the decision letters which the agency has submitted on review.  *Id.* at 30, 36.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable

before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). In this case, the agency has made no showing that these documents were unavailable despite its due diligence, nor has the agency provided any explanation as to why these documents were not submitted below. PFR File, Tab 1. Thus, we will not consider these documents furnished for the first time on review. Accordingly, we limit our review of the initial decision to the issue of whether, based on the evidence in the record below, the agency's February 2015 leave restriction letter was sufficient to notify the appellant that his approved absences could lead to removal.

¶9    The administrative judge found that the agency presented no evidence showing that the appellant was warned he could be removed for excessive absenteeism, and thus, the agency failed to meet its burden under the exception set forth above in *Cook*, 18 M.S.P.R. at 611-12. Specifically, the administrative judge found that the Notice of Leave Restriction failed to provide the appellant with sufficient notice that he could be disciplined for excessive absenteeism, up to and including removal, even if he followed the restriction procedures. ID at 5. On review, the agency argues that the February 2015 leave restriction letter was sufficient to notify the appellant that his excessive absences could result in disciplinary action. PFR File, Tab 1 at 8-9.

¶10    We agree with the administrative judge that, while this letter contained warnings that the appellant's failure to follow the procedures prescribed for requesting leave could lead to "consideration of disciplinary action," the notice did not address any such action for excessive absences, even if the appellant complied with the restrictions. IAF, Tab 4 at 32-34. Thus, because the warnings the appellant received were insufficient to notify him that his approved absences could lead to removal for excessive absenteeism, the administrative judge correctly found that the agency failed to meet the second prong in *Cook*.

¶11    Regarding the 13 hours of AWOL that the agency included in the charge of excessive absences, we do not consider this leave under the *Cook* standard but

will instead consider it as an AWOL charge.  *See Savage*, 122 M.S.P.R. 612, ¶ 32. To prove an AWOL charge, the agency must show that the employee was absent and that his absence was not authorized or that his request for leave was properly denied.  *Little v. Department of Transportati*on, 112 M.S.P.R. 224, ¶ 6 (2009). The NOPR and removal decision state that the appellant was AWOL for 13 hours but provide no additional details regarding these absences.  IAF, Tab 4 at 16, 27.

¶12    The agency provided two charts below that reflect that the appellant was designated as AWOL, *id.* at 40, 42, one indicating that he was AWOL for 13 hours, the second reflecting only 4 hours of AWOL for the same period, and neither chart indicating specific dates, *id.* at 16-17, 40, 42.  Further, while the agency file documents which pay periods included the appellant's absences, there is only one pay period which reflects that he was in an AWOL status, and that was for a total of .50 hours.  *Id*. at 43.  Finally, although the appellant appears to have admitted in his response to the NOPR that he was "AWOL," he did not explain what he understood AWOL to mean and suggested that his absences were for medical reasons.  *Id.* at 24; *compare Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014) (explaining that an agency may rely on an appellant's admissions in support of its charge), *with King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 16 n.2 (2007) (observing that an agency's generalized stipulation that the appellant engaged in whistleblowing was too vague to constitute an admission of fact and that parties may not stipulate to legal conclusions).  Thus, we agree with the administrative judge's finding that the agency failed to prove a charge of AWOL.

¶13    Accordingly, the agency has provided no basis on review to disturb the administrative judge's findings and determinations.

**ORDER**

¶14    We ORDER the agency to cancel the removal action and to restore the appellant effective June 24, 2016.  *See Kerr v. National Endowment for the Arts*,

726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶15 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶16 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶17 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶18 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the

Board's decision in accordance with the attached lists so that payment can be made within the 60‑day period set forth above.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3]Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e‑5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4]The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions (if applicable).
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1‑7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.